CARLIE CHRISTENSEN, United States Attorney (#0633)
AMY OLIVER, Acting United States Attorney (#08785)
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
amy.oliver@usdoj.gov

Attorneys for Plaintiff

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | No. 2:10cv00955-BCW |
| Plaintiff, | : | |
| vs. | : | COMPLAINT |
| HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation, | : | (JURY DEMAND) |
| Defendant. | : | Honorable Brooke C. Wells |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and

Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant Holmes &

Holmes Industrial, Inc. ("Holmes & Holmes"), to correct unlawful employment practices

on the basis of race, and to provide appropriate relief to Antonio Bratcher, Joby Bratcher,

and a class of employees who were adversely affected by such practices.  The Equal

Employment Opportunity Commission ("EEOC" or "Commission") alleges that Antonio

Bratcher, Joby Bratcher, and a class of employees were subjected to unwelcome racial

harassment, including, but not limited to racial slurs and comments by Defendant's managers and employees, which created a hostile work environment because of their race, African-American.  The Commission further alleges that Defendant had actual or constructive notice of the hostile work environment, and failed to adequately respond. The EEOC also alleges that Defendant retaliated against Antonio Bratcher, Joby Bratcher, and a class of employees for opposing and/or complaining about the racial harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.       At all relevant times, Holmes & Holmes Industrial, Inc., a Utah corporation, has continuously been doing business in the State of Utah, including Magna, Utah, and has at all relevant times had at least 15 employees.

5.       At all relevant times, Defendant Holmes & Holmes has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.       More than thirty days prior to the institution of this lawsuit, Antonio Bratcher and Joby Bratcher filed Charges of Discrimination with the Commission, alleging that the Defendants violated Title VII.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.       Charging Parties, Antonio Bratcher and Joby Bratcher, and a class of similarly situated employees, were employed by Defendant Holmes & Holmes.

8.       Since at least February 2006, Defendant has engaged in unlawful employment practices at its Salt Lake County and/or Davis County, Utah facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the racial harassment of Antonio Bratcher, Joby Bratcher, and a class of employees because of their race, African-American, which created a racially hostile work environment.  These practices include, but are not limited to:

        a. Comments of a racial nature made to, or about, African-American employees on a regular basis by supervisors and/or other employees, including repeated use of the "N" word;

b.   Comments of a racial nature made to, or about, African-American employees on a regular basis by supervisors and/or other employees, including repeated use of racial slurs;

c.   Comments of a racial nature made to, or about, African-American employees on a regular basis by supervisors and/or other employees, including repeated use of racial epithets;

d.   Comments of a racial nature made to, or about, African-American employees on a regular basis by supervisors and/or other employees, including repeated use of racial jokes;

e.   Joby Bratcher and Antonio Bratcher complained to supervisors about the racial harassment both verbally and in writing, but the harassment continued.

f.   Defendant's managers or supervisors had knowledge about the racial harassment and the hostile work environment; and

g.   Defendant failed to take appropriate action despite its knowledge of the racially hostile work environment.

9.    Since at least February 2006, Defendant has engaged in unlawful employment practices at its Salt Lake County and/or Davis County, Utah facility in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) when Defendant terminated Antonio Bratcher, Joby Bratcher, and a class of employees in retaliation for opposing and/or complaining about the racially hostile environment

10.     Defendant knew or should have known about the racially hostile work environment and failed to respond in an appropriate manner.

11.     The effect of the practices complained of in paragraphs 8 through 10 above has been to deprive Antonio Bratcher, Joby Bratcher, and a class of employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race, African-American, and because they opposed the racial harassment.

12.     The effect of the practices complained of in paragraphs 8 through 10 above has been to create a hostile work environment.

13.     The unlawful employment practices complained of in paragraphs 8 through 10 above were intentional.

14.     The unlawful employment practices complained of in paragraphs 8 through 10 above were done with malice and/or with reckless indifference to the federally protected rights of Antonio Bratcher, Joby Bratcher, and a class of employees employed by Defendants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with the Defendant, from engaging in the harassment of employees because of race and any other employment practice which discriminates against any individual on the basis of race.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless

of race and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Antonio Bratcher, Joby Bratcher, and a class of employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

D.      Order Defendant to make whole Antonio Bratcher, Joby Bratcher, and a class of employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 10 above, in amounts to be determined at trial.

E.      Order Defendant to make whole Antonio Bratcher, Joby Bratcher, and a class of employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8 through 10 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Antonio Bratcher, Joby Bratcher, and a class of employees punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 8 through 10 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by this complaint.


DATED this 28th day of September, 2010.


CARLIE CHRISTENSEN
United States Attorney


/s/ *Amy J. Oliver*
AMY J. OLIVER
Assistant United States Attorney


OF COUNSEL:
Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Richard Sexton, AZ Bar #202584
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
            sally.shanley@eeoc.gov
            richard.sexton@eeoc.gov