AMY OLIVER, Acting United States Attorney (#08785)
JEANNETTE F. SWENT, Assistant United States Attorney (#6043)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Amy.Oliver@usdoj.gov
       Jeannette.Swent@usdoj.gov

Associate Local Counsel for Plaintiff

MARY JO O'NEILL, AZ BAR #005924 (PRO HAC VICE)
SALLY C. SHANLEY, AZ BAR #012251 (PRO HAC VICE)
RICHARD SEXTON, PA BAR #202584 (PRO HAC VICE)
HILLARY K. VALDERRAMA, TX BAR #24075201 (PRO HAC VICE)
**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - PHOENIX DISTRICT OFFICE**
3300 N. CENTRAL AVE., SUITE 690
PHOENIX, ARIZONA  85012
TELEPHONE: (602) 640-5003
FAX: (602) 640-5009
EMAIL: MARY.ONEILL@EEOC.GOV
       SALLY.SHANLEY@EEOC.GOV
       RICHARD.SEXTON@EEOC.GOV
       HILLARY.VALDERRAMA@EEOC.GOV

ATTORNEYS FOR PLAINTIFF

DAVID BERT HAVAS, NO.1424 OF
DAVID BERT HAVAS, P. C.
533 26TH STREET, SUITE 100
OGDEN, UT 84401
TELEPHONE:    801.395.0556
FACSIMILE:    801.393.4004
EMAIL: DBHAVAS@HAVASLAW.COM

ATTORNEY FOR PLAINTIFFS-IN-INTERVENTION

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br> vs. <br><br> HOLMES & HOLMES INDUSTRIAL, INC., a Utah Corporation, <br><br>     Defendant. <br> _____ <br> JOBY BRATCHER & ANTONIO BRATCHER, <br>     Plaintiffs-in-Intervention, <br><br> vs. <br><br> HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation; H3 GROUP, INC.; MICHAEL H. HOLMES; RON K. HOLMES; PAUL FACER; DOES 1-20, <br>     Defendants-in-Intervention. | Case No. 2:10-CV-00955 DAK <br><br> **MOTION TO COMPEL DISCOVERY OF FINANCIAL INFORMATION** <br><br><br> Magistrate Judge Paul M. Warner |

    The Equal Employment Opportunity Commission ("EEOC" or "Commission") moves pursuant to Federal Rule of Civil Procedure 37(a) and District of Utah Civil Rule 37-1 to compel Holmes & Holmes Industrial, Inc. ("Defendant") to respond to Plaintiff's request for production of documents number twenty, which requested documents pertaining to Defendant's financial

condition.[1] The EEOC further moves the Court to compel Defendant to respond to interrogatory number five, which asks Defendant to state its net worth for each fiscal year end from 2005 to present. The information the Commission seeks in these requests is both relevant to its claim for punitive damages, as authorized by Title I of the Civil Rights Act of 1991, and reasonably calculated to lead to the discovery of admissible evidence. *See* 42 U.S.C. § 1981a. Defendant's objections citing state law arguing that it prohibits discovery of a defendant's wealth until the plaintiff has proven that an award of punitive damages is 'reasonably likely'" is misplaced. Discovery in federal courts is conducted pursuant to, and governed by, the Federal Rules of Civil Procedure, which permit discovery into any non-privileged matter relevant to any party's claim or defense. Defendant has provided no explanation as to why a state statute should trump the Federal Rules of Civil Procedure in a matter pending before a federal court based on federal question jurisdiction. Though Defendant objects that the requests are overbroad, it has provided no explanation as to why it perceives the Commission's request for this narrow group of financial documents, and narrow request for net worth, to be overbroad. Similarly, Defendant's objections that these requests are "premature" and "compound" are not valid objections. Accordingly, the EEOC requests that this Court order Defendant to fully respond to the EEOC's requests for production of documents number twenty and interrogatory number five.

## I. Background

The EEOC filed this action on September 28, 2010, alleging that Defendant violated Title VII when it discriminated against Antonio Bratcher, Joby Bratcher, and a class of employees by subjecting them to a hostile work environment because of their race and retaliating against them

---

[1] Plaintiffs-in-Intervention concur and join in this motion.

for opposing and/or complaining about the racially hostile work environment. (Dkt. 2, at ¶¶ 8, 9). More specifically, the EEOC alleges that Antonio Bratcher, Joby Bratcher, and a class of employees, were subjected to unwelcome racial harassment, including, but not limited to, racial slurs and comments by Defendant's managers and employees (including repeated use of the word "nigger"). (Dkt. 2, at ¶ 8). This conduct created a hostile work environment because of their race, African-American. On October 15, 2010, Antonio and Joby Bratcher moved to intervene in the EEOC's case and attached a Complaint-In-Intervention. (Dkt. 10). This Court granted that motion on December 8, 2010. (Dkt. 18). Both the EEOC's complaint and the Bratchers' complaint-in-intervention seek punitive damages, alleging that Defendant acted with malice or reckless indifference towards the federally protected rights of the Bratchers and the class members. (Dkt. 2, Dkt. 10). *See* 42 U.S.C. § 1981a.

During discovery, the EEOC sought documents reflecting Defendant's financial condition for the period beginning January 1, 2006 to the present. *See* Defendant's Responses to Request for Production of Documents, at Request No. 20, attached as Exhibit A. The EEOC requested income statements, balance sheets, statements of retained earnings, and federal tax returns prepared at any time from January 1, 2006 through the present. *Id.* The EEOC also requested Defendant's net worth for each fiscal year end from 2005 to present. *See* Defendant's Responses to Interrogatories, at Interrogatory No. 5, attached as Exhibit B. Defendant objected to these requests on the grounds that these requests were premature, overbroad, compound, and sought information not reasonably calculated to lead to the discovery of admissible evidence. *Id.* Defendant also objected asserting that Utah's state statute, Utah Code section 78B-8-201, "prohibits discovery of a defendant's wealth until the plaintiff has proven that an award of

4

punitive damages is 'reasonably likely.'" *Id.* Pursuant to District of Utah Civil Rule 37-1(b), the EEOC states that these objections are meritless, and the responses received for interrogatory number five and request for production of documents number twenty were inadequate because Defendant failed to provide any of the information requested.

In accordance with Federal Rule of Civil Procedure 26(c) and District of Utah Civil Rule 37-1(a), the EEOC has made reasonable efforts to reach an agreement with opposing counsel but has been unsuccessful. More specifically, the EEOC and intervener's counsel, David Bert Havas, have consulted with opposing counsel by telephone on July 6, 2011, at approximately 1:15 pm to discuss the matters set forth in this motion. There was no resolution. The EEOC again consulted with opposing counsel by telephone on July 21, 2011, at approximately 12:20 pm. The EEOC again consulted with opposing counsel at the depositions of Michael and Ronald Holmes on July 13 and 14, 2011, where opposing counsel directed the deponents not to answer questions regarding Defendant's financial condition based on the ongoing dispute regarding this information. The same issues were discussed, but the parties could not come to an agreement. After failed attempts at a compromise, it was decided that this issue could not be resolved between the parties, and that Court intervention would be necessary.

**II.     The State Statute Defendant Cites Is Inapplicable to Discovery in This Case.**

Discovery in federal court is governed by the Federal Rules of Civil Procedure, and state laws governing discovery are irrelevant. Federal courts regularly grant discovery of financial documents relevant to a defendant's net worth where punitive damages are claimed. Defendant objected to Plaintiff's request, stating that Utah Code section 78B-8-201 prohibits discovery of a defendant's wealth until the plaintiff has proven that a punitive damage award is reasonably

5

likely. *See* Exh. A, at Request No. 20. Defendant's objection is groundless and Defendant should be compelled to produce the documents the EEOC has requested.

Numerous courts have held that discovery in federal court is a procedural matter governed by the Federal Rules of Civil Procedure. *Univ. of Tex. v. Vratil*, 96 F.3d 1337, 1340 n.3 (10th Cir. 1996); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D.Kan. 1990); *Everitt v. Brezzel*, 750 F.Supp. 1063, 1065–66 (D.Colo. 1990); *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (W.D.Okla. 1978); *see also Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000) (noting that discovery disputes in federal courts are governed by federal law); *Doan v. Allstate Ins. Co.*, No. 5:07-CV-13957, 2008 WL 2223123, at *2 (E.D.Mich. May 23, 2008) (unpublished) (observing that discovery in federal courts is governed by the Federal Rules of Civil Procedure); *Broussard v. Lemons*, 186 F.R.D. 396, 397 (W.D. La. 1999) (federal procedural laws govern in federal court); *Sotabinda v. Hotel Lombardy*, 173 F.R.D. 5, 6–7 (D.D.C. 1997) (holding that in a federal court, discovery dispute was governed by the Federal Rules of Civil Procedure rather than the D.C. Code). As such, "state discovery practices are irrelevant." *Am. Benefit Life Ins. Co.*, 87 F.R.D. at 542; *Mid Continent Cabinetry Inc.*, 130 F.R.D. at 151; *accord Corser v. County of Merced*, No. 1:05-CV-00985 OWW DLB, 2006 WL 2536622, at *2 (E.D. Cal. Aug. 31, 2006) (unpublished) (citations and internal quotations omitted) (observing that state law "is of very little relevance to discovery in a federal action"); *see also Sotabinda*, 173 F.R.D. at 7 (refusing to apply local regulation to preclude discovery because discovery was permissible under the Federal Rules of Civil Procedure).

In *Free Conference Call Holdings, Inc., v. Powerhouse Comm'ns, LLC*, No. 2:07-CV-893-CW, 2009 WL 2916749, at *2 (D.Utah Sept. 8, 2009) (unpublished), Judge Nuffer held that

Utah Code section 78B-8-201(2)(a) was inapplicable to a plaintiff's motion to compel defendant to produce documents regarding its net worth during discovery. Judge Nuffer reasoned that discovery was governed by the Federal Rules of Civil Procedure, not state discovery rules, and granted plaintiff's motion to compel in relevant part. *Id.* Judge Nuffer noted that the Utah statute's purpose was to prevent financial information obtained during discovery from being used to disadvantage or abuse any party, an objective which was met in that case by a protective order. *Id.*

Like the plaintiffs in *Free Conference Call Holdings*, the EEOC seeks non-privileged documents and information regarding defendant's financial condition. As discussed at greater length below, this information is relevant because it relates to the EEOC's claim for punitive damages in this case. *See* 42 U.S.C. § 1981a(b)(1) (authorizing punitive damages in Title VII cases); *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1136–1139 (10th Cir. 2006) (discussing the availability of punitive damages in Title VII actions); *Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D 633, 654 (D.Kan. 2004), *reconsidered on other grounds*, 221 F.R.D. 661 (D.Kan. 2004) (observing that it is well settled that information about defendant's net worth or financial condition is relevant when sufficient facts are alleged to claim punitive damages). Moreover, the Court has already entered a confidentiality order covering "documents relating to the employment and finances of the . . . Defendant, or Defendants-in-Intervention" and "proprietary and financial information of Defendant and Defendants-in-Intervention, other than that which is otherwise publicly accessible." (Dkt. 27, at pp. 1–2). This protection is adequate to prevent any improper disclosure or use of financial information obtained during discovery.

Because these proceedings are governed by the Federal Rules of Civil Procedure rather than by state discovery rules, Defendant's attempt to invoke the protections of Utah Code section 78B-8-201 should fail. *See Free Conference Call Holdings, Inc.*, 2009 WL 2916749 at *2. To the extent Defendant has any valid privacy interest in these documents, those interests are sufficiently protected by the confidentiality order previously entered by the Court in this case. (Dkt. 27). For these reasons, the EEOC respectfully requests this Court to order Defendant to fully respond to interrogatory number five and request for production of documents number twenty.

### III. Defendant's Financial Records are Nonprivileged and Relevant to the EEOC's Claims.[2]

Under the Federal Rules of Civil Procedure, parties are entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense. *See* Fed.R.Civ.P. 26(b)(1). If the discovery appears reasonably calculated to lead to admissible evidence, it falls within the scope of permissible discovery. *Id.* The Tenth Circuit has made clear that "the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness . . ." *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975). Discovery requests should be considered relevant if there is "'any possibility'" that the requested information is relevant to any claim. *Lujan v. Exide Techs.*, No. 10-4023-JTM, 2011 WL 1594952, at *4 (D. Kan. April 27, 2011) (unpublished); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance is construed broadly).

---

[2] Defendant makes no argument that its financial documents are privileged.

The Tenth Circuit has held that the defendant's financial condition is relevant to punitive damage claims. *Cont'l Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (noting that evidence of financial wealth is traditionally admissible on the issue of punitive damages). Accordingly, numerous courts have allowed discovery into defendants' net worth when punitive damages are sought. *EEOC v. Body Firm Aerobics, Inc.*, No. 2:03 CV 846 TC, 2006 WL 1579608, at *2–3 (D. Utah June 1, 2006) (unpublished) (Campbell, J.) (affirming magistrate judge's order compelling defendant to provide financial information relevant to plaintiff's punitive damages claim); *Britton v. Car Toys, Inc.*, No. 05-cv-726-WYD-PAC, 2007 WL 1395290, at *3 (D.Colo. May 9, 2007) (unpublished) (granting motion to compel discovery of financial documents reasoning that defendant's earnings and assets may be relevant in proving punitive damages); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 669–70 (S.D.Fla. 2005) (finding that financial records were discoverable because they were relevant to the issue of punitive damages); *E.E.O.C. v. Klockner H&K Machines*, 168 F.R.D. 233, 236 (D.Wis. 1996) (permitting discovery of four years of documents regarding defendant's financial status because of the relevance to the punitive damages claim); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) (observing that courts have generally held that evidence of a defendant's financial condition is relevant and discoverable when punitive damages are sought). Because both complaints in this case seek punitive damages, documents and information regarding Defendant's financial condition are relevant and discoverable. For this reason, the EEOC respectfully requests the Court to compel Defendant to fully respond to interrogatory number five and request for production of documents number twenty.

## IV. The EEOC's Interrogatory and Request for Production Is Neither Overbroad Nor Compound, and Defendant Provides No Support for Its Objection

Defendant bears the burden of persuading the Court that a discovery request is overly broad, a burden which it has not and cannot carry in this case. Defendants objected that the EEOC's requests are overbroad and compound. Defendants have not, however, explained how the requests are overbroad or compound.

The party resisting discovery requests bears the burden of persuading the court that a request for facially relevant information or documents is overly broad. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 2668742, at *10 (D. Kan. Sept. 6, 2007) (unpublished); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003) (footnotes and citations omitted); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D. Kan. 2000); *see also Ice Corp. v. Hamilton Sundstrand, Inc.*, No. 05-4135-JAR, 2007 WL 1297120, at *2 (D.Kan. April 30, 2007) (unpublished) (holding that conclusory and general assertions of overbreadth are insufficient). As discussed at length above, the requested documents regarding Defendant's financial state are relevant to the issue of punitive damages in this case. Defendant has provided no justification as to why it perceives this discovery request as overly broad or compound, and can provide no persuasive reason. The EEOC's document request identified a narrow category of documents pertaining to Defendant's financial condition and sought only five types of documents (income statements, balance sheets, statements of retained earnings, expense statements, and federal tax returns). Similarly, interrogatory number five simply asks for Defendant's net worth for a reasonable period of time. A party's request is not automatically rendered "compound" simply because it specifies the types of documents responsive to the request. Moreover, the EEOC carefully tailored the time frame to ensure a

reasonable temporal scope.  Based on this information, Defendant's objections that the requests are overly broad or compound lack merit.   The EEOC respectfully requests this Court to order Defendant to fully respond to the EEOC's request for production of documents number twenty and interrogatory number five.

## V.    Conclusion

The EEOC's request for documents and information regarding Defendant's financial condition squarely meets all the applicable rules for permissible discovery.  The Federal Rules of Civil Procedure govern discovery matters in federal courts and permit discovery of all relevant non-privileged information.  Federal courts have found that documents and information regarding a defendant's financial condition are relevant and discoverable where punitive damages are at issue, and both complaints in this case seek punitive damage awards.  As a result, the EEOC's discovery is neither impermissible nor premature under the Federal Rules of Civil Procedure.  Defendant has not, and cannot, support its objections that this request is overbroad or compound, given that the EEOC's request sought only narrow, well-defined types of financial information and documents prepared during a reasonable time period.  For the foregoing reasons, the EEOC respectfully asks this Court to order Defendant to fully respond to the EEOC's request for production of documents twenty and interrogatory number five.

RESPECTFULLY SUBMITTED this 9th day of September, 2011.

                                            MARY JO O'NEILL
                                            Regional Attorney

              SALLY C. SHANLEY
              Supervisory Trial Attorney


              */s/ Hillary K. Valderrama*
              Hillary K. Valderrama
              Richard I. Sexton
              Equal Employment Opportunity
              Commission Attorneys for Plaintiff Equal
              Employment Opportunity Commission


### **CERTIFICATE OF SERVICE**

  I certify that on this 9th day of September, 2011, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Carlie Christensen, Acting United States Attorney (#0633)
      Amy Oliver, Assistant United States Attorney (#8785)
        Attorneys for the United States of America
         185 South State Street, Suite 300
          Salt Lake City, Utah 84111
          Telephone: (801) 524-5682
          Associate Local Counsel

          David Bert Havas (#1424)
          David Bert Havas, P.C.
         533 26th Street, Suite 100
          Ogden, Utah 84401
         Telephone: (801) 395-0556
      Counsel for Intervenors Antonio and Joby Bratcher

          Ruth A. Shapiro (# 9356)
         Robert S. Gurney (# 13226)
          Christensen & Jensen, P.C.
        15 W. South Temple, Suite 800
          Salt Lake City, Utah 84101
         Telephone: (801) 323-5000
Counsel for Defendant and Defendants-in-Intervention Holmes & Holmes Industrial, Inc., et al.

          Gary L. Johnson (#4353)
         Zachary E. Peterson (#8502)

Richards Brandt Miller Nelson  
Wells Fargo Center  
299 S. Main Street  
15th Floor  
Salt Lake City, UT 84111  
Counsel for Defendant-in-Intervention Paul E. Facer

/s/ *Hillary K. Valderrama*  
Hillary K. Valderrama  
Trial Attorney