**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation,**<br><br>                    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:10-cv-955-DAK-PMW** |
| **JOBY BRATCHER and ANTONIO BRATCHER,**<br><br>                    **Plaintiffs-in-Intervention,**<br><br>v.<br><br>**HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation; H3GROUP, INC.; MICHAEL H. HOLMES; RON K. HOLMES; PAUL FACER, DOES 1-20,**<br><br>                    **Defendants-in-Intervention.** | <br><br><br><br><br><br><br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

        District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner

pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) the Equal Employment

_____

        [1] *See* docket no. 31.

Opportunity Commission's ("EEOC") motion to quash subpoenas and for a protective order;[2] (2)

H3Group, Inc.; Holmes & Holmes Industrial, Inc. ("Holmes & Holmes"); Michael H. Holmes;

Ron K. Holmes's (collectively, "Defendants") motion to compel;[3] and (3) the EEOC's motion to

compel.[4]  The court has carefully reviewed the written memoranda submitted by the parties.

Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the

District of Utah, the court has concluded that oral argument is not necessary and will determine

the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## BACKGROUND

On September 28, 2010, the EEOC filed this action on behalf of Joby Bratcher ("Joby")

and Antonio Bratcher ("Antonio") (collectively, "Plaintiffs") alleging that Holmes & Holmes

violated Title VII by subjecting Plaintiffs to a hostile work environment and terminating their

employment.  On October 15, 2010, Plaintiffs moved to intervene in the EEOC's case.  That

motion was granted by the court on December 8, 2010, and Plaintiffs filed their complaint-in-

intervention against Defendants on December 10, 2010.

The EEOC and Plaintiffs allege that Defendants used racial slurs, including the "N" word,

on the jobsite at Holmes & Holmes.  Plaintiffs were laid off from employment with Holmes &

---

[2] *See* docket no. 30.

[3] *See* docket no. 32.

[4] *See* docket no. 40.

Holmes in September 2008.  Since that time, Plaintiffs have secured employment with other companies.

Both prior to and during his employment with Holmes & Holmes, Joby wrote rap songs and lyrics.  Antonio also participated in drafting those song lyrics.  Beatblazer, LLC ("Beatblazer") is a production company that produced several of those songs.  Defendants assert that the majority of those songs and accompanying music videos contained the "N" word or a variation of that word.  Through discovery requests and a subpoena to Beatblazer, Defendants sought the production of copies of lyrics and videos for each and every song Plaintiffs have written, produced, or otherwise published.  Plaintiffs objected to the discovery requests and the subpoena to Beatblazer as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[5]

During discovery, Defendants sought the production of any and all documents related to Plaintiffs' employment for the last ten years.  In addition to seeking that information through discovery requests to Plaintiffs, Defendants issued subpoenas to testify at a deposition and subpoenas duces tecum to Plaintiffs' current employers.  The EEOC objected to the discovery

---

[5]  Defendants have not raised the issue of whether Plaintiffs have standing to object to the subpoena served on Beatblazer.  Nevertheless, the court concludes that Plaintiffs have a sufficient interest in the information sought by the subpoena to provide them with standing to object to it.  *See, e.g.*, *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *3 (D. Utah Feb. 6, 2007) ("Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena.").

requests and the subpoenas as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[6]

Also during discovery, the EEOC sought documents and information about the financial condition of Holmes & Holmes.  Defendants objected on several grounds, including that state law prohibits discovery of a defendant's wealth until the plaintiff has proven that an award of punitive damages is "reasonably likely."  Utah Code § 78B-8-201(2)(a).  Defendants also objected on the grounds that the requests were overly broad, premature, and compound.

## ANALYSIS

All of the motions before the court relate to discovery.  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[T]he scope of discovery under the federal rules is broad and . . . 'discovery

---

[6] Defendants have also not raised the issue of whether the EEOC has standing to object to the subpoena served on Plaintiffs' current employers.  Regardless, the court concludes that the EEOC does have such standing. *See id*. ("Several courts have concluded . . . that a party has a personal right with respect to information contained in his personnel files sufficient to confer standing to move to quash a subpoena for his employment records served on a third party.").

is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

## I. EEOC's Motion to Quash and for a Protective Order and Defendants' Motion to Compel

In its motion to quash and for a protective order, the EEOC argues that Defendants should not be allowed to discover documents related to Plaintiffs' current employment, including their entire personnel files.  The EEOC also argues that Plaintiffs and Beatblazer should not be required to produce copies of lyrics and videos for each and every song Plaintiffs have written, produced, or otherwise published.  Defendants have filed a cross-motion to compel, arguing that Plaintiffs should be required to produce those lyrics and videos.

### A. Plaintiffs' Employment Records

After carefully considering the parties arguments on this issue, the court is persuaded by the EEOC's argument that the discovery requests and the subpoenas concerning Plaintiffs' current employment are overly broad.  *See Richards*, 2007 U.S. Dist. LEXIS 9131, at *17 ("While the subpoenaed entities may possess documents that would lead to discovery of

5

admissible evidence as discussed above, a blanket request for all documents regarding [a party's] employment is overly broad."). Although it is not dispositive of the issue, the court also has some concerns about annoyance, embarrassment, and harassment with respect to Plaintiffs' relationships with their current employers. *See id.,* at *12-13 (noting that "a subpoena to a current employer may cause problems in the employment relationship" and acknowledging "that seeking discovery from a current employer is a more sensitive issue than seeking it from a former employer").

While the court agrees with Defendants that their discovery requests and subpoena may yield some relevant information, as currently drafted, they are simply too broad. Accordingly, with respect to the discovery requests and subpoena seeking the production of any and all documents related to Plaintiffs' current employment, the EEOC's motion to quash and motion for a protective order are granted.

### B. Music Lyrics and Videos

After carefully reviewing the parties' arguments on this issue, the court is persuaded by Defendants' argument that Plaintiffs' music lyrics and videos are relevant and should be produced. As noted by Defendants, in order for Plaintiffs to prevail on their claim for a hostile work environment, they must demonstrate that the work environment was hostile from both an objective and subjective perspective. *See Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1269 (10th Cir. 1998) ("To establish her claim, plaintiff must show both that the conduct to which she was subject was severe or pervasive enough to create . . . an environment that a reasonable person would find hostile or abusive, and that she subjectively perceived the

environment to be abusive." (alteration in original) (quotations and citation omitted)).  Given the

requirement that Plaintiffs establish a subjective perception that their work environment was

hostile, the court concludes that the lyrics and videos at issue are directly relevant to Plaintiffs'

claims in this case.  The court is persuaded that the use of any particular words or phrases in

those lyrics and videos is relevant to Plaintiffs' subjective perceptions.

Accordingly, with respect to the discovery requests and subpoena seeking production of

copies of lyrics and videos for each and every song Plaintiffs have written, produced, or

otherwise published, the EEOC's motion to quash and for a protective order is denied, and

Defendants' motion to compel is granted.  Plaintiffs, the EEOC, and Beatblazer shall provide

responses to the discovery requests and subpoena at issue within thirty days of the date of this

order.

## II.  EEOC's Motion to Compel

In this motion, the EEOC seeks an order compelling Defendants to respond to request for

production of documents number twenty and interrogatory number five.  Both of those discovery

requests seek financial information about Holmes & Holmes.  Defendants object to the requests

on the grounds that (A) a state statute prohibits disclosure of the information sought by the

requests and (B) pretrial discovery of a defendant's financial information for purposes of a

punitive damages claim is inappropriate.  The court will address Defendants' arguments in turn.

### A.  State Statute

Defendants argue that, pursuant to Utah Code section 78B-8-201, "[d]iscovery

concerning a party's wealth or financial condition may only be allowed after the party seeking

7

punitive damages has established a prima facie case on the record that an award of punitive damages is reasonably likely against the party about whom discovery is sought."  Utah Code § 78B-8-201(2)(a).  In a 2009 decision, Magistrate Judge David Nuffer concluded that section 78B-8-201 was not specifically applicable to a discovery related motion.  *See Free Conference Call Holdings, Inc. v. Powerhouse Commc'ns, LLC*, No. 2:07-cv-893-CW, 2009 U.S. Dist. LEXIS 81408, at *6 (D. Utah Sept. 8, 2009).  In addition, Judge Nuffer held that "[t]he requirement that [a plaintiff] establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability.  More importantly, discovery is a procedural matter that is governed in federal court by the Federal Rules of Civil Procedure.  Thus, state discovery practices are usually irrelevant."  *Id.*, at *6-7 (footnotes, quotations, and citations omitted).

This court agrees with that reasoning and concludes that Utah Code section 78B-8-201 is inapplicable here.  Accordingly, the court concludes that Defendants' argument on this issue is without merit.

### B.  Financial Information

Defendants also argue that pretrial discovery of a defendant's financial information for purposes of a punitive damages claim is inappropriate.  In response, the EEOC argues that a majority of federal courts allow pretrial discovery of a defendant's financial information when the plaintiff has asserted a punitive damages claim.  Although Defendants claim it is a slim majority, they concede that the EEOC's argument is correct.

It is true that "[w]hen a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant

8

without requiring plaintiff establish a prima facie case on the issue of punitive damages." *Equal Emp't Opportunity Comm'n v. Body Firm Aerobics, Inc.*, No. 2:03-cv-846-TC, 2006 U.S. Dist. LEXIS 36624, at *9-10 (D. Utah June 1, 2006) (alteration in original) (quotations and citation omitted).  Consequently, the court concludes that Defendants' argument on this issue is likewise without merit.

The court is persuaded by the EEOC's arguments and has determined that Defendants' arguments fail.  Accordingly, the EEOC's motion to compel is granted.  Defendants shall provide responses to request for production of documents number twenty and interrogatory number five within thirty days of the date of this order.  To the extent that Defendants have any privacy or confidentiality concerns, those responses may be provided subject to the terms of the protective order of confidentiality previously entered in this case.[7]

## CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED:**

1.      The EEOC's motion to quash and for a protective order[8] is **GRANTED IN PART AND DENIED IN PART**.

2.      Defendants' motion to compel[9] is **GRANTED**.

---

[7] *See* docket no. 27.

[8] *See* docket no. 30.

[9] *See* docket no. 32.

3.      The EEOC's motion to compel[10] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 27th day of October, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[10]  *See* docket no. 40.