IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>**Plaintiff,**<br><br>v.<br><br>HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation,<br><br>**Defendant.** | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:10-cv-955-DAK-PMW |
| JOBY BRATCHER and ANTONIO BRATCHER,<br><br>**Plaintiffs-in-Intervention,**<br><br>v.<br><br>HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation; H3GROUP, INC.; MICHAEL H. HOLMES; RON K. HOLMES; PAUL FACER; DOES 1-20,<br><br>**Defendants-in-Intervention.** | <br><br><br><br><br><br><br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner

pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Paul Facer's ("Mr. Facer") expedited

motion for leave to take the depositions of Joby Bratcher and Antonio Bratcher (collectively,

---

[1]  *See* docket no. 31.

"Plaintiffs").[2]  The court has carefully reviewed the written memoranda submitted by the parties.

Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the

District of Utah, the court has concluded that oral argument is not necessary and will determine

the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## BACKGROUND

On September 28, 2010, the Equal Employment Opportunity Commission ("EEOC")

filed this action on behalf of Plaintiffs, alleging violations of Title VII.[3]  On October 15, 2010,

Plaintiffs moved to intervene in the EEOC's case.[4]  In November and December 2010, attorneys

from the law firm of Christensen & Jensen appeared on behalf of Holmes & Holmes Industrial,

Inc.; H3Group, Inc.; Michael H. Holmes; Ron K. Holmes; and Mr. Facer (collectively,

"Defendants").[5]  On December 8, 2010, the court granted Plaintiffs' motion to intervene,[6] and

Plaintiffs filed their complaint-in-intervention against Defendants on December 10, 2010.[7]

From April through June 2011, the parties engaged in discovery.  Defendants scheduled

Plaintiffs' depositions for July 11, 2011.  On or about July 6, 2011, an attorney from Christensen

& Jensen notified the EEOC and Plaintiffs for the first time that Mr. Facer would probably be

---

[2]  *See* docket no. 45.

[3]  *See* docket no. 2.

[4]  *See* docket no. 10.

[5]  *See* docket nos. 13, 14, 20.

[6]  *See* docket no. 18.

[7]  *See* docket no. 19.

obtaining separate counsel because of a possible conflict of interest.  On July 7, 2011,

Christensen & Jensen referred the representation of Mr. Facer to the law firm of Richards Brandt

Miller Nelson.  On July 8, 2011, an attorney from Richards Brandt Miller Nelson filed a

substitution of counsel on behalf of Mr. Facer.[8]  On July 14, 2011, another attorney from

Richards Brandt Miller Nelson filed a notice of appearance on behalf of Mr. Facer.[9]

Notwithstanding the change in Mr. Facer's counsel only a few days earlier, Plaintiffs'

depositions went forward as scheduled on July 11, 2011.  Each of Plaintiffs' depositions lasted

approximately three and one-half hours, with both of them being completed on July 11, 2011.  At

the time Plaintiffs' depositions occurred, the Mr. Facer's new counsel had been provided with

only a few days to become familiar with the case.  Further, those attorneys had not yet been able

to communicate with Mr. Facer.  Mr. Facer's counsel noted on the record during the depositions

that he had not yet been able to speak to Mr. Facer.

The fact discovery deadline is December 30, 2011,[10] and the parties have set aside the

week of December 12, 2011, to take the remaining depositions in this case.  Mr. Facer seeks to

take Plaintiffs' depositions during that week.  The EEOC and Plaintiffs object to the taking of

Plaintiffs' depositions on several grounds.  The EEOC and Plaintiffs maintain that Plaintiffs'

depositions have already been taken and that Mr. Facer's counsel should have been prepared to

---

[8]  *See* docket no. 28.

[9]  *See* docket no. 29.

[10]  *See* docket no. 25.

ask questions during those depositions.  The EEOC and Plaintiffs have also expressed concern

about inconvenience to Plaintiffs because they will be forced to miss work for the depositions.

The parties have met and conferred concerning the taking of Plaintiffs' depositions, but have

been unable to reach any agreement on that issue.  Accordingly, Mr. Facer filed the motion

currently before the court.

## ANALYSIS

In his motion, Mr. Facer argues that he should be allowed to take Plaintiffs' depositions.

Mr. Facer asserts that his counsel could not reasonably have been expected to be ready to ask

questions at Plaintiffs' first depositions because they had been unable to meet with Mr. Facer and

had been provided with only a few days to become familiar with the case.  Mr. Facer also asserts

that new evidence has been provided in discovery since Plaintiffs' first depositions, which

warrants reopening Plaintiffs' depositions.  Finally, Mr. Facer contends that he will make every

effort to mitigate any inconvenience to Plaintiffs and that the depositions will be no more than

one to two hours each.

In response, the EEOC and Plaintiffs argue that Mr. Facer has failed to demonstrate good

cause for reopening Plaintiffs' depositions.  The EEOC and Plaintiffs also assert that neither Mr.

Facer's inability to prepare for Plaintiffs' original depositions nor the new evidence produced

during discovery justifies reopening Plaintiffs' depositions.

Rule 30 of the Federal Rules of Civil Procedure governs the taking of depositions in a

civil case.  With respect to reopening or retaking a deposition, rule 30(a)(2)(A)(ii) provides that

"[a] party must obtain leave of court, and the court must grant leave to the extent consistent with

Rule 26(b)(2) [of the Federal Rules of Civil Procedure] . . . if the parties have not stipulated to

the deposition and . . .  the deponent has already been deposed in the case."  Fed. R. Civ. P.

30(a)(2)(A)(ii).  The Advisory Committee notes to rule 30 provide that "[t]he party seeking a

court order to extend the examination, or otherwise alter the limitations, is expected to show

good cause to justify such an order."  Fed. R. Civ. P. 30 Advisory Committee Notes, 2000

Amendments.  In addition, rule 26(b)(2)(C) provides that

> the court must limit the frequency or extent of discovery otherwise
> allowed by these rules or by local rule if it determines that:
> > (i) the discovery sought is unreasonably cumulative or
> > duplicative, or can be obtained from some other source that
> > is more convenient, less burdensome, or less expensive;
> > (ii) the party seeking discovery has had ample opportunity
> > to obtain the information by discovery in the action; or
> > (iii) the burden or expense of the proposed discovery
> > outweighs its likely benefit, considering the needs of the
> > case, the amount in controversy, the parties' resources, the
> > importance of the issues at stake in the action, and the
> > importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The court concludes that Mr. Facer has demonstrated good cause for reopening Plaintiffs'

depositions.  At the same time, the court concludes that the EEOC and Plaintiffs' arguments are

without merit and that none of the elements listed in rule 26(b)(2)(C) apply here.

First, the court concludes that good cause exists for reopening Plaintiffs' depositions.  Mr.

Facer's new counsel was given only a few days to become familiar with this case before

Plaintiffs' original depositions occurred.  The court has determined that was an unreasonably

short amount of time to become acquainted with all the details of this case.  Furthermore, as Mr.

5

Facer's counsel noted during Plaintiffs' depositions, he had not yet even been able to communicate with Mr. Facer at the time Plaintiffs' depositions occurred.  Under those circumstances, the court believes that good cause exists to allow Mr. Facer's counsel to reopen Plaintiffs' depositions.

Second, the reopening of Plaintiffs' depositions is not "unreasonably cumulative or duplicative" and their testimony cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  While it is true that reopening Plaintiffs' depositions may be somewhat cumulative or duplicative, it is not unreasonably so.  Mr. Facer has not yet been able to ask Plaintiffs any deposition questions, which the court views as a vital portion of Mr. Facer's ability to defend himself in this case. Further, Plaintiffs are the actual parties making allegations against Mr. Facer in this case, and their testimony cannot be obtained from any other source.

Third, Mr. Facer has not "had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C)(ii).  Again, given that Plaintiffs are the parties who have brought this action, their deposition testimony could be key to Mr. Facer's defense.  Mr. Facer should be provided with the opportunity to conduct his own depositions, in addition to the other discovery he has conducted.

Finally, the burden or expense of reopening Plaintiffs' depositions does not outweigh their likely benefit, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).  To the contrary, the court concludes

that the benefit of taking the depositions far outweighs their burden and expense.  While

reopening the depositions will undoubtedly be inconvenient for Plaintiffs, that is not sufficient to

constitute undue burden or expense.  At the risk of being redundant, the court reminds Plaintiffs

that they have brought this action against Defendants, including Mr. Facer.  Mr. Facer is not

seeking merely to take the deposition of a fact witness; instead, he is seeking to depose the actual

parties who have levied allegations against him.  The court concludes that Plaintiffs' deposition

testimony is centrally important to the issues in this case.

For these reasons, the court concludes that Plaintiffs' depositions shall be reopened so

that Mr. Facer may pose his own deposition questions.  However, the reopening of Plaintiffs

depositions will be limited in time so that the overall time for each deposition does not exceed

the seven-hour limit prescribed by rule 30.  *See* Fed. R. Civ. P. 30(d)(1).  Put another way, the

duration of the reopening of each of Plaintiffs' depositions shall be limited to the difference

between seven hours and the duration of the original deposition.

Mr. Facer seeks to take Plaintiffs' depositions during the week of December 12, 2011,

which is quickly approaching.  Given the short amount of time between the date of this order and

the proposed dates for Plaintiffs' depositions, the court recognizes that those proposed dates may

be unrealistic.  Accordingly, the court authorizes Mr. Facer to take Plaintiffs depositions on a

mutually convenient date, even if that date extends beyond the December 30, 2011 fact discovery

deadline.

In summary, **IT IS HEREBY ORDERED** that Mr. Facer's expedited motion for leave to take Plaintiffs' depositions[11] is **GRANTED**, as detailed above.

**IT IS SO ORDERED**.

DATED this 6th day of December, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11]  *See* docket no. 45.