## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:10-CV-00955 RJS |
| Holmes & Holmes Industrial Inc. a Utah Corporation, | ) ) ) | |
| Defendants. | ) ) ) | **CONSENT DECREE** |
| _____ | ) ) ) | |
| Joby Bratcher & Antonio Bratcher, Plaintiffs-in-Intervention, | ) ) ) ) | |
| vs. | ) ) | |
| Holmes & Holmes Industrial, Inc., a Utah corporation; H3 Group, Inc.; Michael H. Holmes; Ron K. Holmes; Paul Facer; Does 1-20, Defendants-in-Intervention. | ) ) ) ) ) ) ) | |

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") filed this action on September 28, 2010, against Defendant Holmes & Holmes Industrial, Inc. ("Defendant" or "Holmes"), to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Antonio Bratcher and Joby Bratcher intervened in this action and filed a Complaint-In-Intervention on December 10, 2010, against Holmes and Defendants-in-Intervention H3 Group, Inc., Michael H. Holmes, Ron K. Holmes, Paul Facer, and Does 1-20 (collectively "Defendants"). In its Complaint, the Commission alleged that Defendant Holmes engaged in unlawful race discrimination in violation of Section 703(a) of Title VII and the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a) ("Title VII"). The alleged actions include subjecting Antonio Bratcher, Joby Bratcher, and a class of employees to unwelcome racial harassment, including but not limited to

repeated racial comments and slurs by Holmes' supervisors and/or employees, which created a hostile work environment because of their race, African-American.  The Commission also alleged that Defendants retaliated against Antonio Bratcher, Joby Bratcher, and a class of employees for opposing and/or complaining about racial harassment.

In the Complaint-In-Intervention, the Plaintiffs-In-Intervention allege essentially the same facts and assert claims under Title VII and 42 U.S.C. §1981 ("§1981"), as well as state law claims for intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing.   Plaintiffs seek appropriate relief for Antonio Bratcher, Joby Bratcher, and a class of employees.

Defendants deny that they have engaged in unlawful race discrimination under Title VII or 42 U.S.C. §1981 or have otherwise violated Plaintiff's rights under federal or state law.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.  The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

**It is hereby ORDERED, ADJUDGED, and DECREED**:

1.  This Decree resolves all claims of the Commission against Defendant Holmes in this lawsuit, including, without limitation, back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs.

## INJUNCTION

2.  Defendant Holmes and their officers, agents, employees, or any successor-in-interest, assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the Decree from (a) discriminating against any employee on the basis of race, including but not limited to racial harassment, and (b)

retaliating against any employee because s/he (i) opposed discriminatory conduct believed in good faith to be unlawful under Title VII, (ii) reported conduct believed in good faith to be unlawful under Title VII to Defendant's managers (iii) filed a charge or assisted or participated in the filing of a charge of race discrimination, including racial harassment, or (iv) assisted or participated in an investigation or proceeding resulting from any of the preceding items.

## **MONETARY RELIEF**

3. Judgment is entered in favor of the Commission and against Defendant Holmes in the amount of two hundred thirty-thousand dollars ($230,000).

4. Defendant shall pay the settlement amount separately to Antonio Bratcher, Joby Bratcher, and James Buie by certified check, cashier's check, or money order, in accordance with Paragraph Five (5) of this Decree. These payments represent back pay of eighty thousand dollars ($80,000) (to Joby Bratcher) and compensatory damages of one hundred fifty thousand dollars ($150,000) (split among the individuals), and shall be distributed to Antonio Bratcher, Joby Bratcher, and James Buie, as set forth in Exhibit A within thirty (30) calendar days of the entry of this Decree. By January 31, 2014, Defendant shall issue a United States Internal Revenue Service W-2 form on the back pay and 1099 forms for all designated compensatory damages payments.

5. The checks provided for in Paragraph Four (4) of this Decree shall be mailed directly by Defendant to Strindberg and Scholnick, LLC for Antonio Bratcher and Joby Bratcher. The check provided for in Paragraph Four (4) of this Decree for James Buie shall be mailed directly to him at the addresses supplied by the Commission. Within three business days of issuance of the checks, Defendant shall furnish a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

6. Defendant will not condition the receipt of the monetary relief herein on Antonio Bratcher's, Joby Bratcher's, or James Buie's agreement to: (a) maintain as confidential the facts and/or allegations underlying their charges and complaint and the terms of this

Decree; (b) waive their statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendants; or (d) agree to a non-disparagement and/or confidentiality agreement.

## OTHER RELIEF

7.  Defendant Holmes shall expunge from the personnel files of Antonio Bratcher, Joby Bratcher, and James Buie, all references, if any, to the charges of discrimination filed against Defendants or participation in this action.  Holmes shall further expunge from the personnel files of Antonio Bratcher, Joby Bratcher, and James Buie, any reference to internal complaints, warnings, or other disciplinary actions filed by or against them regarding any matter.

8.  Defendant Holmes shall provide Antonio Bratcher, Joby Bratcher, and James Buie, with a personalized copy of the neutral reference attached as Exhibit B, signed and printed on Holmes & Holmes' corporate letterhead.  Holmes or any successor-in-interest shall provide a copy of the written statement whenever a written employment reference is requested by the prospective employer of Antonio Bratcher, Joby Bratcher, or James Buie.  Unless required by law, no other information will be provided to prospective employers or any other entities that inquire about the employment history of Antonio Bratcher, Joby Bratcher, or James Buie.  Unless required by law, Defendant will offer no explanation for why it will not provide additional employment information to prospective employers or any other entity other than to state that it is Holmes' policy to provide only the information set forth in Exhibit B in response to a request for an employment reference.

9.  Defendant Holmes or any successor-in-interest shall review and revise policies and practices with the goal of assuring a work environment free from racial discrimination, including racial harassment of its employees, and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII.  To assist Holmes in its efforts to assure a work environment free of racial discrimination and retaliation, Holmes shall take the actions provided in Paragraphs Ten (10) through Twenty-Three (23) of this Decree.

## DEFENDANT HOLMES' CORRECTIVE POLICIES AND PRACTICES

10. Within ninety (90) days of the entry of this Decree, Holmes or any successor-in-interest shall post for the duration of this Decree the notice attached as Exhibit C in a prominent place frequented by its employees in all office locations in the United States. The notice shall be the same type, style, and size as Exhibit C.

11. Within ninety (90) days of the entry of this Decree, Holmes or any successor-in-interest shall provide training on protected class discrimination (including racial discrimination and harassment) and retaliation, according to the following terms:

     A.  Defendant Holmes or any successor-in-interest shall retain and pay for a consultant/trainer who shall provide consultation and training for a period of three (3) years from the date of this Decree.  This consultant/trainer shall be an attorney specializing in the field of employment discrimination law.  During each of the next three years, Holmes shall mandate that all of its employees located in any state shall attend a live-seminar training by this consultant/trainer.  These seminars will be focused on: understanding what constitutes protected class discrimination (including harassment) and retaliation; understanding that discrimination in the hiring, firing, compensation, assignments or other terms, conditions or priviliges of employment violates Title VII; understanding what protected activity is; understanding that protected activity retaliation violates Title VII; understanding how to prevent protected class discrimination (including harassment) and retaliation; understanding how to provide a work environment free from protected class discrimination (including harassment) and retaliation; understanding to whom and by what means employees may complain if they feel they have been subjected to protected class discrimination (including harassment) or retaliation in the workplace; and understanding the disciplinary actions that will be taken against any employee who engages in protected class discrimination, including but not limited to racial harassment, or retaliation.   The seminars will also review

and explain Defendant Holmes' revised discrimination/harassment/ retaliation policies. Prevention of race discrimination and racial harassment shall figure prominently into the training. In addition to the three live sessions discussed above, a video tape of a training session shall be shown to each newly hired employee within thirty (30) days of hire during the next three years. A newly hired employee in any remote location (more than 100 miles from the home office) who has seen the video-tape within the six month period prior to the annual live seminar does not need to attend the live seminar. Defendant may, at its election, have duplicate videotaped sessions to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicate sessions. The seminar-training sessions discussed in this paragraph shall be no less than two hours, plus twenty (20) to forty (40) minutes of questions and answers. Defendant Holmes will provide to the EEOC, no less than 30 days before the live training, the name and qualification of the consultant/trainer providing the training and the substance of the training.

B. In addition to the training discussed in Paragraph 11(A) above, all human resources, supervisory, and managerial staff who have responsibilities over any of Defendant Holmes' employees shall attend a separate three hour live training on preventing, identifying, investigating, and addressing protected class discrimination (including race discrimination and racial harassment) and retaliation in the workplace during each of the next three years. This training shall be conducted by the consultant/trainer retained by Defendant Holmes pursuant to Paragraph 11(A) above. Prevention of race discrimination and racial harassment shall figure prominently into the training.

C. During the live training sessions discussed in Paragraph 11(B) above, Defendant Holmes' Chief Executive Officer or company owner shall

discuss the disciplinary actions that will be taken against supervisors, managers, and employees who (1) commit acts of protected class discrimination (including race discrimination and racial harassment) or retaliation, (2) fail to properly and promptly act on complaints/reports of protected class discrimination (including race discrimination and racial harassment) or retaliation, (3) fail to properly and promptly act on observations of conduct that reasonably may rise to the level of race discrimination (including racial harassment) or retaliation, or (4) otherwise allow protected class discrimination or retaliation to occur in the workplace.  Defendant Holmes' Chief Executive Officer or company owner shall also discuss the importance of maintaining an environment free of protected class discrimination (including race discrimination and racial harassment) and retaliation and discuss Defendant Holmes' discrimination/harassment/ retaliation policies.  Prevention of race discrimination and racial harassment shall figure prominently into the discussion.

D. During the first year, the seminar-training sessions discussed in Paragraph 11(A-C) shall be conducted within six (6) months of the entry of this Decree.  For the second and third years, the seminar-training session shall be conducted between January 1st and June 30th.

E. All persons attending any of the trainings as discussed in Paragraph 11(A-C) shall sign a registry of attendance. Defendant shall retain these registries for the duration of the Decree.

12. The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training sessions discussed in Paragraph 11(A-C) above.  Defendant Holmes or any successor-in-interest shall provide written notice to the Regional Attorney of the EEOC's Phoenix District Office of the time, date, and location of each training scheduled pursuant to Paragraph 11(A-C) above, at least thirty (30) days before each training.  The EEOC will provide Defendant with written notice of its intent

to attend the training sessions at least five (5) days prior to the scheduled training.

13. Upon hire, and as part of new hire orientation, Defendant Holmes' HR Manager will review Holmes' discrimination/harassment/retaliation policy in detail with each new hire.

14. Defendant Holmes will include harassment discussions at least once per month in the regular worksite meetings held by project managers.

15. Defendant Holmes will include in employee paychecks once per quarter information addressing employment topics, including from time to time harassment, including racial harassment.

16. Defendant Holmes will place laminated notices concerning the company's harassment policy in all company-owned employee-used trucks.  The notices shall have contact information for Ron and Mike Holmes, and the human resources department or employee.

17. Defendant Holmes shall arrange for the duration of this Consent Decree to have an organization or person(s) external to Defendant ("Ombudsman") to receive and investigate complaints of discrimination or retaliation from its employees.  The Ombudsman must have the ability to process and investigate complaints and may not be supervised by any officer, partner, owner, director, manager, supervisor, or employee of any company managed by Defendant.  The Ombudsman must have complete and unfettered freedom to process complaints.  A dedicated human resources department or human resources manager will satisfy this paragraph, provided the department or person meets all of the requirements described herein.

18. Within ninety (90) days of the entry of this Decree, Defendant Holmes or any successor-in-interest shall institute a detailed written policy concerning protected class discrimination (including race discrimination and racial harassment) and retaliation to conform to the law to include the following criteria, at a minimum:

> A. A strong and clear commitment to a workplace free of protected class discrimination (including race discrimination and racial harassment) and retaliation;

B.  Clear and complete definitions of protected class discrimination (including race discrimination and racial harassment) and retaliation, with many relevant examples;

C.  A clear and strong encouragement of persons who believe they have been harassed based on protected class membership or retaliated against (or witnessed protected class  harassment or retaliation) to come forward;

D.  A zero tolerance policy requiring appropriate disciplinary action against any manager against whom a claim of protected class discrimination (including race discrimination or racial harassment) or retaliation is substantiated;

E.  A description of the consequences, up to and including termination, which will be imposed upon violators of the policy;

F.  Assurance of confidentiality to the extent practicable for persons who complain of protected class discrimination,  harassment or retaliation;

G.  An assurance of non-retaliation for witnesses of discrimination and persons who complain about protected class discrimination;

H.  That discrimination or retaliation by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated;

I.  The identification of specific individuals, including their telephone numbers, to whom an employee who has observed discrimination, has suffered discrimination, or has been retaliated against can report the discrimination or retaliation, including a written statement that the employee may report the harassment to designated persons outside his or her chain of command/management (including the Ombudsman or human resources); and

J.  Assurances that Defendant will investigate protected class discrimination (including race discrimination and racial harassment) and retaliation allegations promptly, fairly, reasonably, and effectively through

appropriate investigators and that appropriate corrective action will be taken by Defendant; and

K. Assurances that Defendant shall promptly and appropriately respond to all complaints of discrimination and/or retaliation and that the response must include a finding of whether discrimination (including racial harassment) and/or retaliation occurred.  The policy shall further promise that Defendant shall take immediate appropriate corrective and remedial action, including eradication of discrimination (including racial harassment) and/or retaliation and disciplining harassers and retaliators.

19. This  policy shall be distributed to each current employee within ninety (90) days of the entry of this Decree.  This policy shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this Decree.  This policy also shall be posted in both English and Spanish in a prominent place frequented by the employees at all of Defendant Holmes's office locations within the United States.

20. Within ninety (90) days of the entry of this Decree, Defendant Holmes or any successor-in-interest shall institute a procedure which evaluates all employees with supervisory roles on their performance in responding to complaints made to them or to their own observations of discrimination and retaliation.  Concurrent with the implementation of this procedure, each of these employees shall be advised that failure to enforce the discrimination and anti-retaliation policy may result in disciplinary action, up to and including termination.

21.   Within 90 days of the entry of this Decree, Defendant Holmes or any successor-in-interest shall institute a procedure by which to promptly and appropriately respond to all complaints of protected class discrimination (including racial discrimination and racial harassment) and/or retaliation.  The procedure will include a thorough investigation, a finding of whether discrimination and/or retaliation occurred, a determination of the appropriate corrective action to be taken, and creation of an investigation file.  The procedure will address complaint taking, witness identification, evidence gathering, witness interviews, credibility assessments, evidence weighing, reaching conclusions

(including, when appropriate, that no conclusion can be made) and documentation.

22. Promptly upon the entry of this decree, Defendant Holmes or any successor-in-interest shall end any practice of retaining documents related to any investigation in the personnel file of any employee who complains of discrimination or retaliation.  All disciplinary actions taken against employees for violation of Defendant Holmes' discrimination and/or anti-retaliation policy will be documented and the documentation retained in that employee's personnel file where a violation is found and discipline is imposed.  In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in a separate investigation file pertaining to the employee alleged to have engaged in harassment or retaliation. Within ninety (90) days of the entry of this Decree, Defendant Holmes or any successor-in-interest shall institute a detailed written procedure to this effect.

23. Defendant Holmes or any successor-in-interest shall not rehire nor engage in the future Paul Facer in any capacity as an employee, contract worker, or independent contractor.

24. Within ten (10) days of entry of this Decree, Defendant Holmes shall provide Antonio Bratcher, Joby Bratcher, and James Buie with the written signed apology attached as Exhibit D, printed on Defendant's letterhead.  This written apology shall be sent to the addresses provided by the EEOC separately.

## REPORTING BY DEFENDANT HOLMES AND ACCESS BY EEOC

25. Defendant Holmes or any successor-in-interest shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona  85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

> A. Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of race discrimination (including racial harassment) and/or retaliation;

B.  The name, address, position, and telephone number of any individual who reports or complains of race discrimination (including racial harassment) and/or retaliation during the six (6) months preceding the report.  The nature of the complaint, the name of the alleged harasser, investigatory efforts made by Defendant Holmes, and the corrective action taken, if any, shall be specified;

C.  Copy of the registry of persons attending the seminars required in Paragraph 11(A-C) of this Decree;

D.  Confirmation that:

> (i) the Notice required in Paragraph Ten (10) of this Decree was posted and the locations where it was posted;
>
> (ii) the trainings required by Paragraph Eleven (11) were completed and continue to be completed in accordance with that Paragraph;
>
> (iii)  the policy required in Paragraph Eighteen (18) of this Decree was posted and distributed to each current and new employee;
>
> (iv) the expungement from Antonio Bratcher's, Joby Bratcher's, and James Buie's personnel file required in Paragraph Seven (7) of this Decree took place, the date of the expungement, and the specific documents expunged;
>
> (v) the procedures required by Paragraphs Twenty (20) through Twenty-One (21)  were instituted;
>
> (vii) the investigation and response requirements to complaints of discrimination in Paragraph Twenty-One (21) were instituted;
>
> (ix) Paul Facer was neither hired nor engaged as mandated by Paragraph Twenty-Three (23); and
>
> (x)  the apology letter mandated in Paragraph Twenty-Four (24) was issued.

E.  A copy of the revised policy required in Paragraph Eighteen (18) of this Decree;

F. A copy of the written statement issued pursuant to Paragraph Eight (8); and

G. A copy of training materials required in Paragraph Eleven A (11A).

26. Defendant Holmes shall comply with the reporting requirements of Title VII, including but not limited to the filing of Standard Form 100 in accordance with 29 C.F.R. §1602.7, commonly known as the "Employer Information Report EEO-1," if applicable, and any other required filing under state or local law compiling EEO data. Within thirty (30) days of submitting such a report to any locality and/or the state of Utah, Defendant or any successor-in-interest will submit a copy of the report to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012.

27. The Commission, upon reasonable notice, shall have the right to enter and inspect any of Defendant Holmes's premises for the sole purposes of (a) attending a seminar specified above so long as proper notice of intent to attend has been given, and (b) reviewing files or postings as necessary to ensure compliance with this Decree.

## MISCELLANEOUS

28. By agreeing to entry of this Consent Decree and Judgment, Defendant Holmes is not admitting to any violation of Title VII of the Civil Rights Act of 1964.

## COSTS AND DURATION

29. Except as otherwise provided in this Decree, each party shall bear its own costs and attorney's fees incurred as a result of this action through the filing of this Decree.

30. The duration of this Decree shall be three (3) years from its entry. This Court shall retain jurisdiction over this action for the duration of the decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief may be ordered. This Decree shall expire by its own terms at the end of thirty-six (36) months from the date of entry, without further action by the parties.

31. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

Dated this 15th day of April, 2013

_____
ROBERT J. SHELBY
United States District Judge


APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| s/_____. <br> Mary Jo O'Neill <br> Regional Attorney <br><br> s/_____. <br> Andrea G. Baran <br> Supervisory Trial Attorney <br><br> s/_____. <br> Richard I. Sexton <br> Hillary K. Valderrama <br> Trial Attorneys <br><br> **Equal Employment Opportunity Commission** <br> 3300 N. Central Ave., Suite 690 <br> Phoenix, AZ  85012 <br><br> Attorneys for Plaintiff, Equal <br> Employment Opportunity Commission | _____ <br> Authorized Representative of Defendant, <br> Holmes & Holmes Industrial, Inc <br><br> s/_____. <br> Elisabeth Blattner-Thompson <br> Karen Clemes <br> Attorneys for Defendant Holmes & <br> Holmes Industrial, Inc. |

## EXHIBIT A

**Antonio Bratcher**          $ _____50,000_____

**Joby Bratcher**          $ _____130,000_____

**James Buie**          $ _____50,000_____

EXHIBIT B

-16-

[Defendant's Letterhead]

To Whom it May Concern:

     This letter will serve to confirm _____'s employment with Holmes & Holmes, Inc., from _____ to _____.  During this time, _____ held the position[s] of _____.

                  Sincerely,


_____
[      Name      ]
Owner, Holmes & Holmes, Inc.

EXHIBIT C

**NOTICE TO ALL EMPLOYEES OF HOLMES & HOLMES INDUSTRIAL, INC.**

This Notice is posted pursuant to a Consent Decree entered into between the owners of Holmes & Holmes, Inc., ("Defendant") and the Equal Employment Opportunity Commission ("EEOC"), entering judgment in the amount of $_____ against Defendant (*EEOC v. Holmes & Holmes Industrial, Inc.*, *et al*, Civ. No. 2:10-CV-00955 DAK).

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of race (including racial harassment) in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment.  It is also unlawful to retaliate against any person because the person protested or reported the discriminatory practices to management or the EEOC.

Defendant shall not discriminate against any employee on the basis of race, including racial harassment, and shall not retaliate against any employee for complaining about race discrimination.

If you believe you have been discriminated against, you have the right to seek assistance from:

> **EEOC**, 3300 North Central Avenue, Suite 690
>  Phoenix, Arizona 85012
> Telephone: (602) 640-5000
> TTY: (602) 640-5072
> Website (national): www.eeoc.gov

You have the right to file a charge with the EEOC if you believe you are being discriminated against or retaliated against for reporting discrimination.

No Retaliation Clause.  It is against the law for any action to be taken against you by any supervisory or management official of Defendant for:  (1) opposing race discrimination or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC at the address or telephone number listed above.

EXHIBIT D

APOLOGY LETTER

[Defendant's Letterhead]

Dear _____:

      Holmes and Holmes Industrial, Inc. understands that you believe you were discriminated against while you worked for the company.  On behalf of Holmes and Holmes, please accept my sincere apology if the circumstances of your work with us caused you any distress.

      Holmes and Holmes is committed to ensuring that employees will not be subjected to harassment or retaliation based on race or any other protected category.  Holmes and Holmes will use its best efforts to prevent discrimination, and the company will take prompt, effective remedial action, up to and including termination of the harasser when appropriate.

      Sincerely,


      [Name]
      [Title]